**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CIVIL ACTION NO:** ___1:22CV-159-GNS___

**BARBARA ENGLAND**                                                                   **PLAINTIFF**

**V.**                                         **COMPLAINT**

**CITY OF GLASGOW, KENTUCKY**                                   **DEFENDANT**

> SERVE:     Mayor Harold Armstrong
> City Hall
> 126 Public Square
> Glasgow, KY  42141

Barbara England, by counsel, alleges and states as follows:

**PRELIMINARY STATEMENT**

1.      The Plaintiff, Barbara England ("England"), brings this action against the City of Glasgow, Kentucky (the "City") for violations of the Family and Medical Leave Act ("FMLA") (29 U.S.C. §2601, *et seq*.).

2.      The City hired England on or about January 4, 2004, to work a full time position in its Administration Department where she handled payroll and human resources issues. During England's tenure at the City, she met or exceeded performance expectations of the job.  Despite England's many achievements, the City interfered with England's right to take FMLA leave and fired her in retaliation for exercising her rights protected by the FMLA. As a result, England has suffered significant damages.

## JURISDICTION

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617, because this is a civil action arising under the FMLA.

## VENUE

4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1), because the City is located Barren County, Kentucky in the Western District of Kentucky, because a substantial part of the events or omissions giving rise to the claim occurred in this district, and there is no other district in which the action may otherwise be brought.

## PARTIES

5.      England resides in Glasgow, Barren County, Kentucky. England is a citizen of the Commonwealth of Kentucky.

6.      England is an employee, as defined by the FMLA. England worked for the City in its Administration Department in the City of Glasgow, Kentucky, from January 4, 2004 through August 24, 2022.

7.      The City is a municipal corporation organized and existing under the laws of Kentucky.  Service of process upon the City may be had by serving the City's Chief Executive Officer, Mayor Harold Armstrong, at City Hall, 126 East Public Square, Glasgow, Kentucky 42141. The City as a local governmental agency is an employer as defined by the FMLA.

**FACTS**

8.      England began working for the City on or about January 4, 2004, in the City's Administration Department, where she handled payroll and human resources issues.  England was supervised by the City's Mayor, Harold Armstrong.

9.      In the twelve months prior to August 24, 2022, England worked for the City on a full-time basis, and had worked more than 1,250 hours.

10.      During her tenure, England's work performance met or exceeded the City's legitimate expectations. Prior to requesting FMLA, England was not disciplined by the City.

11.      In September 2021, England injured her shoulder.  On or about October 21, 2021, England underwent surgery to repair her shoulder injury.  Due to this shoulder injury, England's treating physician excused her from work at the City from October 21, 2021 until December 13, 2021.  England's doctor stated she could return to work on December 13, 2021 with restrictions of no lifting with the right arm until after her next doctor's appointment.

12.      England's shoulder injury constituted a serious health condition that entitled her to take FMLA leave.  However, in accordance with the City's personnel policies and procedures, England used her accumulated paid sick days to cover absences related to her shoulder injury. England did not use any available FMLA leave in connection with her shoulder injury.

13.      England returned to work at her regular job at the City following her shoulder injury on or about December 13, 2021.  Despite having returned to work in accordance with her doctor's orders, and having properly used her paid sick days she had earned during the 18 years of employment, Mayor Armstrong was hostile toward England, telling her that she should have returned to work sooner.

14.     Approximately four days after England returned to work, on December 17, 2021, her husband, Doug England, suffered a debilitating stroke.

15.     On or about February 18, 2022, England submitted a written request for FMLA leave to Mayor Armstrong.  England requested leave to care for her spouse due to his serious health condition.  England noted on this form that she intended to exhaust all of her paid vacation and sick days before commencing her FMLA leave.  Up to this point in time, England continued to perform her job duties while using her paid vacation and sick days intermittently to care for her husband.

16.     As England began to use her paid vacation and sick days intermittently to care for her spouse's serious health condition, Mayor Armstrong began to treat her less favorably than other similarly situated employees.  For example, despite the fact that England was properly using her paid vacation and sick days that she had accumulated over 18 years of employment, Mayor Armstrong commented to another City employee that if England did not get back to work he would consider her to have quit her job.  Additionally, Mayor Armstrong made special notes on England's leave request forms that he did not make on the leave request forms submitted by other similarly situated employees.

17.     On or about March 16, 2022, England presented to Mayor Armstrong a statement from her husband's medical provider explaining that due to a stroke, her husband could not be left alone and that England had occasional absences from work and would continue to need days off to assist with his care.  Up to this point in time, England continued to perform her job duties while using her paid vacation and sick days intermittently to care for her husband.

18.     On or about July 26, 2022, England presented Mayor Armstrong with another statement from her husband's medical provider stating that England had been caring for her

husband, and requesting that England be excused from work due to the necessity of her having close oversight of his care.  Up to this point in time, England continued to perform her job duties while using her paid vacation and sick days intermittently to care for her husband.

19.     On or about August 10, 2022, Mayor Armstrong called England to a meeting to advise that her intermittent absences to care for her husband's serious health condition were upsetting her co-workers.  Mayor Armstrong requested England use the balance of her paid vacation and sick days in a block of time instead of on an intermittent basis.  England agreed to this request with the understanding that after her paid vacation and sick days were exhausted she would commence her twelve weeks of unpaid FMLA leave.

20.     On or about August 19, 2022, in preparation for the start of her FMLA leave, England submitted to Mayor Armstrong a U.S. Department of Labor Wage Hour Division FMLA Certification Form.  This form was completed by her husband's medical provider and set forth England's need for FMLA leave to care for her husband's serious health condition. Therein, the health care provider opined that England would need FMLA on both a continuous and intermittent basis.

21.     On August 24, 2022, Mayor Armstrong discharged England from her job with the City.  England's request to use FMLA leave to care for her husband's serious health condition was a substantial motivating factor in the City's decision to discharge her.  Tellingly, the decision to discharge England was made only six days after she submitted the FMLA certification form from her husband's medical provider in support of her leave request.

## COUNT ONE

### Interference in Violation of the Family and Medical Leave Act
### 29 U.S.C. 2615(a)(1)

22.     England repeats and realleges paragraphs 1 through 21 hereof, as if fully set forth herein.

23.     The City is an employer covered by the FMLA pursuant to 29 U.S.C. §2601 *et seq*. because it is a local governmental agency.

24.     England is an FMLA-eligible employee because she was employed by the City for 18 years prior to requesting FMLA leave and had been employed by the City for over 1,250 hours in the twelve-month period prior to her request.

25.     England was entitled to FMLA leave because she needed to care for the serious health condition of her husband.

26.     In accordance with the FMLA, as early as February 18, 2022, and as recent as August 19, 2022, England notified Mayor Armstrong that she would need to take FMLA leave starting on the date she exhausted her accumulated paid vacation and sick days.

27.     The City engaged in prohibited conduct under the FMLA by interfering with, restraining, and denying England's rights provided under the Act.

28.     The City denied England a benefit to which she is entitled under the FMLA because it refused to allow England to use the full amount of requested FMLA leave.

29.     The City discouraged England from fully using her FMLA leave by discharging her before she could use her FMLA leave.

30.     As a result of the City's wrongful acts and omissions, England has suffered and continues to suffer substantial losses, including expenses related to additional medical treatment

and past and future lost wages and benefits. England is also entitled to liquidated damages, attorneys' fees and costs, and other damages as recoverable by law.

## COUNT TWO
### Discrimination and Retaliation in Violation of the Family and Medical Leave Act
### 29 U.S.C. §2615(a)(2)

31.     England repeats and realleges paragraphs 1 through 30 hereof, as if fully set forth herein.

32.     England exercised her FMLA rights by requesting FMLA leave from her job for a period of up to 12 weeks following exhaustion of her accumulated paid vacation and sick days.

33.     England was qualified for her position and had performed her job duties effectively prior to the acts complained of herein.

34.     England suffered an adverse employment action in that she was subjected to disparate treatment and unlawful discharge.

35.     The City's disparate treatment of England began within days after she first submitted an FMLA leave request form.

36.     The City's decision to fire England on August 24, 2022 occurred only days after England submitted the FMLA Certification Form from her husband's medical provider to Mayor Armstrong, and England renewed her request for FMLA leave once she had exhausted all of her paid vacation and sick days.

37.     The City fired England because she requested FMLA leave to care for her husband's serious health condition.

38.     The City's conduct constitutes unlawful discrimination and retaliation against England in violation of England's rights under the FMLA. 29 U.S.C. §2615(a).

39.     As a result of the City's wrongful acts and omissions, England has suffered and continues to suffer substantial losses, including expenses related to additional medical treatment and past and future lost wages and benefits. England is also entitled to liquidated damages, attorneys' fees and costs, and other damages as recoverable by law.

## PRAYER FOR RELIEF

**WHEREFORE**, England respectfully requests judgment as follows:

A. Award England for her past and future loss of wages and benefits, plus interest;

B. Award England liquidated damages pursuant to 29 U.S.C. §2617(a)(1)(A)(iii);

C. Order the City to reinstate England to a position comparable to her former position or, in lieu of reinstatement, award her front pay (including benefits);

D. Award to England all costs and reasonable attorneys' fees incurred in connection with this action; and

E. Grant England such additional or alternative relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

D. Gaines Penn
Lindsay Tate Porter
ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
1101 College Street; P.O. Box 770
Bowling Green, KY 42102-0770
Telephone: (270) 781-6500
Facsimile: (270) 782-7782
Email: gpenn@elpolaw.com
         lporter@elpolaw.com


/s/ *D. Gaines Penn*
_____
D. Gaines Penn
Counsel for Plaintiff Barbara England